UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STACY MULCAHY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PETER DEMOPOULOS, )<br>)<br>Defendant. ) | No. 19 C 7155<br><br>Judge Sara L. Ellis |

## OPINION AND ORDER

Plaintiff Stacy Mulcahy, a City of Chicago employee, brought this lawsuit under 42 U.S.C. § 1983 against Defendant Peter Demopoulos, a recruiter in the City's Department of Human Resources ("DHR"), after he allegedly denied Mulcahy the opportunity to be interviewed for various promotions. Mulcahy claims that Demopoulos has deprived her of her liberty and property interests in violation of the Fourteenth Amendment. She seeks injunctive relief to obtain the right to interview for promotions for which she meets the specified qualifications, as well as monetary damages. Demopoulos now moves to dismiss Mulcahy's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Mulcahy has failed to sufficiently allege a deprivation of a protected property interest and has abandoned all other bases for her claims, the Court dismisses Mulcahy's complaint.

## BACKGROUND[1]

Mulcahy began working for the City in December 2002, initially as a Fire Communications Operator for the Chicago Fire Department. For the last six years, she has

---

[1] The facts in the background section are taken from Mulcahy's complaint and are presumed true for the purpose of resolving Demopoulos' motion to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011); *Local 15, Int'l Bhd. of Elec. Workers, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007). A court normally cannot consider extrinsic evidence without converting a motion to dismiss into

worked as an Aviation Communications Operator for the City's Office of Emergency Management and Communications ("OEMC"). In this role, Mulcahy fields 911 calls from O'Hare Airport and dispatches appropriate personnel. When asked by management, she has temporarily performed the duties of a Shift Supervisor of Security Communications.

The City has promulgated personnel rules that serve as a guide to the City's policies and procedures for its employees. The personnel rules include a disclaimer that nothing in them "is intended to create any property interests in any job or position for any employee." Doc. 15-2 at 12. The City also has a collective bargaining agreement ("CBA") with the International Brotherhood of Teamsters, Local Union 700, Bargaining Unit 59, to which Mulcahy belongs.[2] The CBA covers the job positions at issue in this case.

Between 2010 and 2015, Mulcahy applied for a promotion to the position of Shift Supervisor at least six times. Mulcahy also applied to internal postings for four available vacancies as a Shift Supervisor at Midway Airport in June 2017 and August 2018.[3] The job postings for the Shift Supervisor position provided:

> Candidate(s) who affirmatively answer the Willing and Able questionnaire will be interviewed. . . AND Preference will be given to candidates possessing the following: Previous experience and knowledge of police and fire operations and telecommunications dispatching procedures, and related equipment

---

one for summary judgment. *Hecker v. Deere & Co.*, 556 F.3d 575, 582–83 (7th Cir. 2009). Where a document is referenced in the complaint and central to the plaintiff's claims, however, the Court may consider it in ruling on the motion to dismiss. *Id.*

[2] Demopoulos attaches a collective bargaining agreement between the City and two unions, Public Service Employees Unions, Local 73, Service Employees International Union, AFL-CIO, and Local 21, International Brotherhood of Electrical Workers, AFL-CIO. Because the Court cannot determine whether this is the applicable CBA to which Mulcahy refers in her complaint, the Court does not consider it in deciding Demopoulos' motion to dismiss.

[3] In addition to these two positions, Mulcahy represents that she has applied to nearly 100 positions since 2017 but has not received a single interview. The Court can consider this allegation, included in Mulcahy's response, because it is consistent with the allegations in the complaint. *See Help at Home, Inc. v. Med. Capital, LLC*, 260 F.3d 748, 752–53 (7th Cir. 2001).

>> use.  Previous supervisory experience related to emergency
>> dispatching.  Proficiency in operating video security camera
>> systems.

Doc. 1 ¶ 14.  The postings further stated: "Evaluation: Your initial evaluation will be based on information provided on the application form and documents submitted with the application." *Id.* ¶ 16.

Mulcahy completed the required applications, providing her relevant background and experience.  She only received two interviews, early in her career.  With respect to her other applications, Demopoulos, a DHR recruiter, ranked her in the lowest tier of applicants, precluding her from an interview with the hiring manager.  The hiring manager, Ken Warrick, is also Mulcahy's current manager, and he has expressed a willingness to promote Mulcahy to the Shift Supervisor position if DHR refers her application to him.

At some point, Mulcahy filed a complaint with the City's Officer of Inspector General ("OIG") against Demopoulos complaining of arbitrary hiring practices.  After she did not receive an interview for the June 2017 posting, Mulcahy emailed Demopoulos directly on November 11, 2017 to inquire why the City no longer considered her qualified for an interview.  On November 14, 2017, Demopoulos responded that her application was placed in a lower tier than other applicants based on responses she provided in the self-assessment questionnaire portion of the application.

## LEGAL STANDARD

A motion to dismiss under 12(b)(6) challenges the sufficiency of the complaint, not its merits.  Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's

3

favor. *Anchor Bank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

The Fourteenth Amendment prevents a State from depriving any person of "life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Demopoulos argues that Mulcahy cannot proceed on a procedural or substantive due process claim because she fails to allege a cognizable property or liberty interest. Mulcahy responds by focusing solely on a procedural due process claim for deprivation of a property interest, effectively conceding that she cannot pursue a procedural due process claim based on a liberty interest or a substantive due process claim. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver."). The Court therefore solely addresses whether Mulcahy has sufficiently alleged a property interest that would allow her to proceed on a procedural due process claim.

"An essential component of a procedural due process claim is a protected property or liberty interest." *Khan v. Bland*, 630 F.3d 519, 527 (7th Cir. 2010) (quoting *Minch v. City of Chicago*, 486 F.3d 294, 302 (7th Cir. 2007)). To qualify as a constitutionally protected property interest, the right must be created by "existing rules or understandings that stem from an independent source such as state law." *Kim Constr. Co. v. Bd. of Trs. of the Vill. of Mundelein*, 14 F.3d 1243, 1245–46 (7th Cir. 1994) (quoting *Bd. of Regents v. Roth*, 408 U.S. 564, 577

4

(1972)). Further, a plaintiff "must have more than a unilateral expectation of" the claimed interest. *Roth*, 408 U.S. at 577. She "must, instead, have a legitimate claim of entitlement to it." *Id.*

Mulcahy clarifies in her response that her claim does not focus on the denial of a promotion but rather the allegedly arbitrary and capricious denial of the opportunity to interview for the Shift Supervisor position. She goes to great lengths to avoid the Seventh Circuit's holding that, absent fixed rules, a public employee does not have a protected property interest in a promotion. *Bigby v. City of Chicago*, 766 F.2d 1053, 1056–57 (7th Cir. 1985) (no property interest where "[p]romotion to lieutenant's rank is not a matter of right and is not governed by fixed rules which if complied with automatically entitle the applicant to promotion"); *see also United States v. City of Chicago*, 869 F.2d 1033, 1036 (7th Cir. 1989) ("Illinois law does not create an entitlement to a promotion [in public employment]."); *Chamberlain v. Civil Serv. Comm'n of Vill. of Gurnee*, 2014 IL App (2d) 121251, ¶ 34 ("[W]hen the promoting authority has discretion to choose among candidates on a promotion list, an employee does not have a property interest in a prospective promotion by virtue of his or her name being on that list. This reasoning makes sense, given that it would be inconsistent with the expressed limits of due process protections to grant property interests to those who have no concrete claim of entitlement to a promotion but are instead at the mercy of an authority's discretion."). Indeed, Mulcahy points to no fixed rules that entitle her to a promotion so as to warrant finding a protected property interest. *Cf. Lanton v. City of Chicago*, No. 16 C 2351, 2016 WL 4378973, at \*9 (N.D. Ill. Aug. 17, 2016) (the plaintiff sufficiently alleged a protected property interest in a promotion because the City allegedly had no discretion in the promotion).

5

For this reason, Mulcahy seeks to divorce her alleged interest in an interview from the ultimate goal of a promotion. But, in a similar context, the Seventh Circuit rejected the distinction Mulcahy attempts to draw between an interview and a promotion: "[I]t is not the examination that the applicant is interested in . . . but the job." *Bigby*, 766 F.2d at 1056. And although the City's personnel rules, the applicable CBA, and the job postings may create an expectation of fairness in the promotion process, such an interest is "not so firm and definite . . . as to be 'property' in a constitutional sense." *Bigby*, 766 F.2d at 1056; *see also Word v. City of Chicago*, 946 F.3d 391, 394 (7th Cir. 2020) ("[T]here are no protected property interests in either promotion within the police department or a fair examination for such preferment."). The job posting, which indicates that applicants who "affirmatively answer the Willing and Able questionnaire will be interviewed," Doc. 1 ¶ 14, only sets forth the procedures for the hiring process; it does not, on its own, create a protected property interest. *See Wikberg v. Reich*, 21 F.3d 188, 190 (7th Cir. 1994) ("[P]rocedural rights are not rights of liberty or property within the meaning of the due process clause."); *Ferkel v. Bd. of Educ. of City of Chicago*, 45 F. Supp. 3d 824, 832 (N.D. Ill. 2014) ("Plaintiffs cannot point to a set of procedures and argue that the procedures in and off themselves create a property interest."). Consequently, because Mulcahy has not pointed to anything in the City's rules, the applicable CBA, or the job posting creating any fixed rules with respect to an entitlement to a promotion, Mulcahy has no protected property interest in the promotion process or the right to an interview. *See Norris v. City of Chicago*, No. 07 C 6776, 2008 WL 4277646, at *3 (N.D. Ill. Sept. 17, 2008) ("Because the Municipal Code does not give plaintiff a property interest in the promotion or the promotion process, his failure to be considered for or awarded the Safety Director position cannot be the basis for a due process

claim."). Without a protected property interest, Mulcahy cannot pursue a due process claim based on the allegedly arbitrary and capricious nature of the denial of an interview.

## CONCLUSION

For the foregoing reasons, the Court grants Demopoulos' motion to dismiss [15] and dismisses Mulcahy's complaint without prejudice.

Dated: September 30, 2020

_____
SARA L. ELLIS
United States District Judge